**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHANEL, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-2085 |
| | § | |
| THE PARTNERSHIPS & UNINCORPORATED | § | |
| ASSOCIATIONS IDENTIFIED IN SCHEDULE | § | |
| "A" AND DOES 1-1000, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION**
**FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY**
**A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

On this day, the court considered Plaintiff's *Ex Parte* Application For Entry of a Temporary Restraining Order and an Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Application for TRO"). Plaintiff, Chanel, Inc. ("Chanel" or "plaintiff"), moves, on an *ex parte* basis, for entry of a temporary restraining order, and an order to show cause why a preliminary injunction should not issue against defendants, the Partnerships and Unincorporated Associations identified on Schedule "A" attached hereto ("defendants"), pursuant to 15 U.S.C. § 1116 and FED. R. CIV. P. 65 for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, and 1125(a) and (d). Having reviewed the Application for TRO, the Declarations, and other evidence on file submitted in support thereof, and plaintiff's Complaint, the court makes the following findings of fact and conclusions of law:

1.      Plaintiff, Chanel, Inc. ("plaintiff" or "Chanel") is, and at all times relevant hereto has been, the owner of all rights in and to the following trademarks:

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 | IC 018 – Women's Handbags |
| CHANEL | 0,902,190 | November 10, 1970 | IC 014 - Bracelets, Pins, and Earrings |
| CHANEL | 0,915,139 | June 15, 1971 | IC 025 - Women's Shoes |
| CHANEL | 0,955,074 | March 13, 1973 | IC 014 – Watches |
| CHANEL | 1,241,265 | June 7, 1983 | IC 025 - Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Coats, Raincoats, Scarves, Shoes and Boots |
| ⚜ | 1,314,511 | January 15, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| CHANEL | 1,347,677 | July 9, 1985 | IC 018 - Leather Goods-namely, Handbags |
| ⚜ | 1,501,898 | August 30, 1988 | IC 006 – Keychains<br>IC 014 - Costume Jewelry<br>IC 016 - Gift Wrapping Paper<br>IC 025 -Blouses, Shoes, Belts, Scarves, Jackets, Men's Ties<br>IC 026 – Brooches and Buttons for Clothing |
| CHANEL | 1,510,757 | November 1, 1988 | IC 009 – Sunglasses |
| ⚜ | 1,654,252 | August 20, 1991 | IC 009 – Sunglasses |

| | | | |
|---|---|---|---|
| CHANEL | 1,733,051 | November 17, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business and Credit Card Cases, Change Purses, Tote Bags, Cosmetic Bags Sold Empty, and Garment Bags for Travel |
| ⚭ | 1,734,822 | November 24, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business Card Cases, Change Purses, Tote Bags, and Cosmetic Bags Sold Empty |
| J12 | 2,559,772 | April 9, 2002 | IC 014 -Timepieces; namely, Watches, and Parts Thereof |
| ⚭ | 3,025,934 | December 13, 2005 | IC 018 – Handbags |
| ⚭ | 3,025,936 | December 13, 2005 | IC 009 - Eyeglass Frames, Sunglasses<br><br>IC 025 - Gloves, Swimwear<br><br>IC 026 - Hair Accessories namely Barrettes |
| CHANEL | 3,133,139 | August 22, 2006 | IC 014 - Jewelry and Watches |

(the "Chanel Marks") which are registered on the Principal Register of the United States Patent and Trademark Office and are used in connection with the manufacture and distribution of high quality goods in the categories identified above.

　　　2.　　Defendants, via the Internet websites operating under the domain names identified on Schedule "A" hereto (the "Subject Domain Names"), have advertised, promoted, offered for sale, and/or sold, at least, handbags, wallets, sunglasses, shoes, dresses, watches, and costume jewelry including earrings, bearing what plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the Chanel Marks. Although each of the defendants

3

may not copy and infringe each Chanel Mark for each category of goods protected, each defendant has infringed at least one or more of the Chanel Marks.

3.    Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, infringements, reproductions, and/or colorable imitations of the Chanel Marks.

4.    Plaintiff has a very strong probability of proving at trial that consumers are likely to be confused by the defendants' advertisement, promotion, sale, offer for sale, and/or distribution of handbags, wallets, sunglasses, shoes, dresses, watches, and costume jewelry including earrings, bearing counterfeits, infringements, reproductions, and/or colorable imitations of the Chanel Marks, and that the products defendants are selling and promoting are copies of plaintiff's products that bear marks which are substantially indistinguishable from and/or colorful imitations of the Chanel Marks on handbags, wallets, sunglasses, shoes, dresses, watches, and costume jewelry including earrings.

5.    Because of the infringement of the Chanel Marks, plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. It clearly appears from the following specific facts, as set forth in plaintiff's Complaint, plaintiff's Application for TRO, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to plaintiff and to consumers before defendants can be heard in opposition unless plaintiff's request for *ex parte* relief is granted:

a.    Defendants own or control Internet business operations which advertise, promote, offer for sale, and sell, at least, handbags, wallets, sunglasses, shoes, dresses, watches, and costume jewelry including earrings, bearing counterfeit and infringing trademarks in violation of plaintiff's rights;

4

b.      There is good cause to believe that more counterfeit and infringing handbags, wallets, sunglasses, shoes, dresses, watches, and costume jewelry including earrings bearing plaintiff's trademarks will appear in the marketplace; that consumers may be misled, confused, and disappointed by the quality of these products; and that plaintiff may suffer loss of sales for its genuine products;

c.      There is good cause to believe that if plaintiff proceeds on notice to defendants on this Application for TRO, defendants can easily and quickly transfer the registrations for many of the Subject Domain Names, or modify registration data and content, change hosts, and redirect traffic to other websites, thereby thwarting plaintiff's ability to obtain meaningful relief;

d.      The balance of potential harm to defendants in restraining their trade in counterfeit and infringing branded goods if a temporary restraining order is issued is far outweighed by the potential harm to plaintiff, its reputation and goodwill as a manufacturer of high quality handbags, wallets, sunglasses, shoes, dresses, watches, and costume jewelry including earrings if such relief is not issued; and

e.      The public interest favors issuance of a temporary restraining order in order to protect plaintiff's trademark interests and to protect the public from being defrauded by the palming off of counterfeit goods as genuine goods of the plaintiff.

6.      For all of the foregoing reasons, an order other than an *ex parte* temporary restraining order is not adequate to achieve the purposes of 15 U.S.C. § 1114.

5

## **ORDER**

Based on the foregoing findings of fact and conclusions of law, plaintiff's Application for TRO is hereby granted as follows:

## **I.   Temporary Restraining Order**

A.   Pending the hearing and determination of plaintiff's application for preliminary injunction, referenced below, each defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any defendant having notice of this Temporary Restraining Order are hereby temporarily restrained:

1.   From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Chanel Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by plaintiff; and

2.   From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by plaintiff, bearing the Chanel Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Chanel Marks, or any confusingly similar trademarks.

**It is further ORDERED**:

3.   Each defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any defendant having notice of this Temporary Restraining Order shall immediately discontinue the use of the Chanel Marks or any confusingly similar trademarks, on or in connection with all

Internet websites owned and operated, or controlled by them including the Internet websites operating under the Subject Domain Names;

4. Each defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any defendant having notice of this Temporary Restraining Order shall immediately discontinue the use of the Chanel Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by any defendant, including the Internet websites operating under the Subject Domain Names;

5. Defendants shall not transfer ownership of the Subject Domain Names during the pendency of this action, or until further order of the court;

6. The domain name Registrars for the Subject Domain Names are directed to transfer to plaintiff's counsel, for deposit with this court, domain name certificates for the Subject Domain Names;

7. Upon plaintiff's request, the privacy protection service for any Subject Domain Names for which the Registrant uses such privacy protection service to conceal the Registrant's identity and contact information are ordered to disclose to plaintiff the true identities and contact information of those Registrants;

8.      Upon entry of this order, plaintiff shall provide a copy of the order by email to the registrar of record for each of the Subject Domain Names, so that the registrar of record of each of the Subject Domain Names may, in turn, notify each registrant of the order and provide notice of the locking of the domain name to the registrant of record. After providing such notice to the registrars so the domain names may be locked, plaintiff shall also provide notice and a copy of this order to the registrant of each Subject Domain Name via email to the email address provided as part of the domain registration data for each of the Subject Domain Names identified in the Application for TRO. If an email address was not provided as part of the domain registration data for a Subject Domain Name, plaintiff shall provide notice and a copy of this order to the operators of the Internet websites via an email address and/or online submission forms provided on the Internet websites operating under such Subject Domain Names. After forty-eight (48) hours have elapsed after the emailing of this order to the registrars of record and the registrants, plaintiff shall provide a copy of this order to the registrars and the registries for the Subject Domain Names for the purposes described in Paragraph 9, *infra*.

9.      The Registrars shall immediately assist in changing the registrar of record for the Subject Domain Names, excepting any such domain names which such registrars have been notified in writing by the plaintiff have been or will be dismissed from this action, to a holding account with a registrar of plaintiff's choosing (the "New Registrar"). To the extent the registrars do not assist in changing the registrars of record for the domains under their respective control within one (1) business day of

receipt of this TRO and instructions on the change of the registrars of record, the top-level domain (TLD) registries (or their administrators) for the Subject Domain Names, within five (5) business days of receipt of this TRO, shall update the registrars of record for the Subject Domain Names, excepting any such domain names which such registries have been notified in writing by the plaintiff have been or will be dismissed from this action, to the New Registrar. As a matter of law, this Temporary Restraining Order shall no longer apply to any defendant or associated domain name dismissed from this action. Upon the change of the registrar of record for the Subject Domain Names, the New Registrar will maintain access to the Subject Domain Names in trust for the court during the pendency of this action. Additionally, the New Registrar shall immediately institute a temporary 302 domain name redirection which will automatically redirect any visitor to the Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/sdh/index.html whereon copies of the Complaint and all other documents on file in this action are displayed. Alternatively, the New Registrar may update the Domain Name System ("DNS") data it maintains for the Subject Domain Names, which link the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where copies of the Complaint, Temporary Restraining Order, and all other documents on file in this action are displayed. After the New Registrar has effected

9

this change the Subject Domain Names shall be placed on Lock status, preventing the modification or deletion of the domains by the registrar or defendants;

10.     Plaintiff may enter the Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by defendants which redirect traffic to the counterfeit operations to a new domain name and thereby evade the provisions of this Temporary Restraining Order;

11.     Defendants shall preserve copies of all their computer files relating to the use of any of the Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Subject Domain Names and that may have been deleted before the entry of this Temporary Restraining Order;

B.     This Temporary Restraining Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the court or stipulated to by the parties;

C.     This Temporary Restraining Order shall apply to the Subject Domain Names, the associated websites, and any other domain names properly brought to the court's attention and verified by sworn affidavit which verifies such new domain names are being used by defendants for the purpose of counterfeiting the Chanel Marks at issue in this action and/or unfairly competing with plaintiff on the World Wide Web or in connection with search engine results pages;

D.     Pursuant to 15 U.S.C. § 1116(d)(5)(D), plaintiff shall post a bond in the amount of Ten Thousand  Dollars and Zero Cents ($10,000.00), as payment of damages to which defendants may be entitled for a wrongful injunction or restraint. Plaintiff shall post the bond prior to requesting

10

the registries change to the registrar of record for the Subject Domain Names to a holding account with the New Registrar.

## II.   Order to Show Cause Why a Preliminary Injunction Should Not Issue and Order of Notice

A.    Upon the Complaint herein and plaintiff's Application for Order to Show Cause Why a Preliminary Injunction Should Not Issue, defendants are hereby ORDERED to show before this court in the United States Courthouse located at 515 Rusk, Houston, Texas 77002, Courtroom 9D, on August 28, 2012, at 10:00 a.m. CDT, why a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65(a) should not restrain and enjoin defendants, their respective officers and agents, servants, employees, attorneys, and those persons acting in concert with them who receive actual notice of this injunction by personal service or otherwise from engaging in any of the acts enumerated in the Temporary Restraining Order in Section I, *supra.* At this hearing, defendants and/or any other affected persons may challenge the appropriateness of the Temporary Restraining Order and move to dissolve the same and at which time the court will hear argument on plaintiff's requested preliminary injunction;

B.    Plaintiff shall serve copies of the Complaint, Application for TRO and this Temporary Restraining Order and all other pleadings and documents on file in this action on defendants by email as described above and by posting copies of the Application for TRO and this Temporary Restraining Order on the website located at http://servingnotice.com/sdh/index.html within forty-eight (48) hours of control of the Subject Domain Names being changed to the court via the New Registrar's holding account, and such notice so given shall be deemed good and sufficient service thereof.  Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter

11

to defendants by regularly updating the website located at http://servingnotice.com/sdh/index.html or by other means reasonably calculated to give notice which is permitted by the court. Any response or opposition to plaintiff's Motion for Preliminary Injunction must be filed with the court and served on plaintiff's counsel no later than Friday, August 24, 2012.  Plaintiff shall file and serve any Reply Memorandum on or before Monday, August 27, 2012.  The above dates may be revised upon stipulation by all parties and approval of this court.

   C. Defendants are hereby on notice that failure to appear at the show cause hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d) and FED. R. CIV. P. 65.

   It is so ORDERED.

   Signed at Houston, Texas on August 14, 2012.

_____
Gray H. Miller
United States District Judge

**SCHEDULE A**

**DEFENDANTS BY SUBJECT DOMAIN NAMES AND DEFENDANT NUMBER**

| Defendant No. | Domain Name |
|---|---|
| 1 | 2012handbagsonline.net |
| 2 | 3chanelhandbag.com |
| 3 | airmaxinstore.com |
| 4 | ashionpurse.com |
| 5 | bagsplat.com |
| 6 | blueswisswatches.com |
| 7 | caphatshopping.com |
| 8 | cchanell.com |
| 9 | chanel-bagsbags.com |
| 9 | chanels--bags.org |
| 10 | chanelbagsebay.com |
| 10 | chanelbagshandbags.net |
| 11 | chanelbagsoutletonline.com |
| 12 | chanelcheaponsale.com |
| 12 | thechanelbagssale.com |
| 12 | classicchanelbagssale.com |
| 13 | chanelflapbags.net |
| 13 | frchanelhandbags.com |
| 13 | replicachanelhandbagssales.com |
| 13 | chanelhandbagwalletpurse.com |
| 13 | chanelhandbagschanelwallets.com |
| 14 | chanelhandbags4sale.com |

| | |
|---|---|
| 15 | chaneloutletsonline.us |
| 15 | chanelreplicasbags.us |
| 16 | chanelpursesreplica.com |
| 16 | hubags.com |
| 17 | chanelsalext.com |
| 18 | chanel-slippers.com |
| 19 | chanelslippers.com |
| 20 | chanelsza.com |
| 21 | chanelxt.com |
| 22 | cheapbagshandbags.com |
| 22 | classichandbagsfr.com |
| 23 | cheapbagsoutlet2u.com |
| 24 | cheapchanelhandbags2012.com |
| 25 | cheaphandbagsreplicas.com |
| 26 | cheapwomensbags.com |
| 26 | classicbagsoutlet.com |
| 27 | designer-outlet-online.com |
| 28 | designershandbags.us |
| 29 | fairhandbags1.com |
| 29 | fairhandbags2.com |
| 30 | fashionlife.us |
| 30 | realpricemall.com |
| 30 | wholesalesalemall.com |
| 30 | okdesignerhandbags.com |
| 31 | goforchanelbags.com |
| 32 | handbags-purse-sale.com |

| 33 | hermesbagsoutlet.com |
|----|----------------------|
| 34 | ipurseshandbags.com |
| 35 | isofdc.com |
| 36 | onlinechanelbagsales.com |
| 37 | onlinetopcheap.com |
| 38 | outletchanelbagonline.com |
| 39 | outletchanelbagsale.com |
| 40 | outletchanelbagssales.com |
| 41 | pickcheapbags.com |
| 42 | replica4shoes.com |
| 43 | shopyop.com |
| 44 | sunglassesnewyork.com |
| 45 | thechanelwatches.com |
| 45 | thechanelwatches2012.com |
| 46 | topchanel255.com |
| 46 | topchanelflap.com |
| 47 | toppursestrade2012.com |
| 48 | wahandbags.com |
| 49 | wendyoffer.com |
| 50 | wholesale100.com |
| 51 | wholesalecopystore.com |