IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHANEL, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-2085 |
| | § | |
| THE PARTNERSHIPS & UNINCORPORATED | § | |
| ASSOCIATIONS IDENTIFIED IN SCHEDULE | § | |
| "A" AND DOES 1-1000, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER GRANTING PLAINTIFF'S APPLICATION
FOR PRELIMINARY INJUNCTION**

On this day, after conducting a hearing on August 28, 2012, at which only counsel for plaintiff Chanel, Inc. ("plaintiff" or "Chanel") were present, the court considered plaintiff's Application for Preliminary Injunction (the "Application for Preliminary Injunction").[1] Plaintiff moves for a preliminary injunction against defendants, the Partnerships and Unincorporated Associations identified on Schedule "A" attached hereto ("defendants"), pursuant to 15 U.S.C. § 1116 and FED. R. CIV. P. 65 for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, & 1125(a) and (d). Having reviewed the Application for Preliminary Injunction, the accompanying declarations on file, and other evidence on file submitted in support thereof, and plaintiff's complaint, the court makes the following findings of fact and conclusions of law:

---

[1] As of the date of the preliminary injunction hearing conducted on August 28, 2012, the redirection of the Subject Domain Names to the serving site, http://servingnotice.com/sdh/index.html, has only been finalized for chanels--bags.org (Defendant 9); chaneloutletsonline.us and chanelreplicasbags.us (Defendant 15); designershandbags.us (Defendant 28); and fashionlife.us (Defendant 30). However, all defendants have received notice of both the court's August 14, 2012 order and the August 28, 2012 hearing via the court-authorized electronic notification methods.

1.       Plaintiff is, and at all times relevant hereto has been, the owner of all rights in and to the following trademarks:

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 | IC 018 – Women's Handbags |
| CHANEL | 0,902,190 | November 10, 1970 | IC 014 - Bracelets, Pins, and Earrings |
| CHANEL | 0,915,139 | June 15, 1971 | IC 025 - Women's Shoes |
| CHANEL | 0,955,074 | March 13, 1973 | IC 014 – Watches |
| CHANEL | 1,241,265 | June 7, 1983 | IC 025 - Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Coats, Raincoats, Scarves, Shoes and Boots |
| (CC logo) | 1,314,511 | January 15, 1985 | IC 018 - Leather Goods- Namely, Handbags |
| CHANEL | 1,347,677 | July 9, 1985 | IC 018 - Leather Goods-namely, Handbags |
| (CC logo) | 1,501,898 | August 30, 1988 | IC 006 – Keychains<br>IC 014 - Costume Jewelry<br>IC 016 - Gift Wrapping Paper<br>IC 025 -Blouses, Shoes, Belts, Scarves, Jackets, Men's Ties<br>IC 026 – Brooches and Buttons for Clothing |
| CHANEL | 1,510,757 | November 1, 1988 | IC 009 – Sunglasses |

2

| Mark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| CC | 1,654,252 | August 20, 1991 | IC 009 – Sunglasses |
| CHANEL | 1,733,051 | November 17, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business and Credit Card Cases, Change Purses, Tote Bags, Cosmetic Bags Sold Empty, and Garment Bags for Travel |
| CC | 1,734,822 | November 24, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business Card Cases, Change Purses, Tote Bags, and Cosmetic Bags Sold Empty |
| J12 | 2,559,772 | April 9, 2002 | IC 014 -Timepieces; namely, Watches, and Parts Thereof |
| CC | 3,025,934 | December 13, 2005 | IC 018 – Handbags |
| CC | 3,025,936 | December 13, 2005 | IC 009 - Eyeglass Frames, Sunglasses IC 025 - Gloves, Swimwear IC 026 - Hair Accessories namely Barrettes |
| CHANEL | 3,133,139 | August 22, 2006 | IC 014 - Jewelry and Watches |

(the "Chanel Marks") which are registered on the Principal Register of the United States Patent and Trademark Office and are used in connection with the manufacture and distribution of high quality goods in the categories identified above.

2. Defendants, via the Internet websites operating under the domain names identified on Schedule "A" hereto (the "Subject Domain Names"), have advertised, promoted, offered for sale,

and/or sold, at least, handbags, wallets, sunglasses, shoes, dresses, watches, and costume jewelry including earrings, bearing what plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the Chanel Marks.  Although each of the defendants may not copy and infringe each Chanel Mark for each category of goods protected, each defendant has infringed one or more of the Chanel Marks.

3. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, infringements, reproductions, and/or colorable imitations of the Chanel Marks.

4. Plaintiff has a very strong probability of proving at trial that consumers are likely to be confused by the defendants' advertisement, promotion, sale, offer for sale, and/or distribution of handbags, wallets, sunglasses, shoes, dresses, watches, and costume jewelry including earrings, bearing counterfeits, infringements, reproductions, and/or colorable imitations of the Chanel Marks, and that the products defendants are selling and promoting are copies of plaintiff's products that bear marks which are substantially indistinguishable from and/or colorful imitations of the Chanel Marks on handbags, wallets, sunglasses, shoes, dresses, watches, and costume jewelry including earrings.

5. Because of the infringement of the Chanel Marks, plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. It clearly appears from the following specific facts, as set forth in plaintiff's complaint, plaintiff's Application for Preliminary Injunction, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to plaintiff and to consumers unless plaintiff's request for a preliminary injunction is granted:

  a. Defendants own or control Internet business operations which advertise, promote, offer for sale, and sell, at least, handbags, wallets, sunglasses, shoes, dresses, watches, and costume jewelry including earrings, bearing counterfeit and infringing trademarks in violation of plaintiff's rights;

  b. There is good cause to believe that more counterfeit and infringing handbags, wallets, sunglasses, shoes, dresses, watches, and costume jewelry including earrings bearing plaintiff's trademarks will appear in the marketplace; that consumers may be misled, confused, and disappointed by the quality of these products; and that plaintiff may suffer loss of sales for its genuine products;

  c. There is good cause to believe that unless the injunction is granted, defendants can easily and quickly transfer the registrations for many of the Subject Domain Names, or modify registration data and content, change hosts, and redirect traffic to other websites, thereby thwarting plaintiff's ability to obtain meaningful relief;

  d. The balance of potential harm to defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to plaintiff, its reputation and goodwill as a manufacturer of high quality handbags, wallets, sunglasses, shoes, dresses, watches, and costume jewelry including earrings if such relief is not issued; and

  e. The public interest favors issuance of a preliminary injunction in order to protect plaintiff's trademark interests and to protect the public from being defrauded by the palming off of counterfeit goods as genuine goods of the plaintiff.

6.  For all of the foregoing reasons, an order other than a preliminary injunction is not adequate to achieve the purposes of 15 U.S.C. § 1114.

## ORDER

Based on the foregoing findings of fact and conclusions of law, plaintiff's Application for Preliminary Injunction is hereby granted as follows:

A.  Each defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any defendant having notice of this order are hereby restrained and enjoined until further order of this court:

1.  From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Chanel Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by plaintiff; and

2.  From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by plaintiff, bearing the Chanel Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Chanel Marks, or any confusingly similar trademarks.

**It is further ORDERED**:

3.  Each defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any defendant having notice of this order shall, until the conclusion of the proceeding, discontinue the use of the Chanel Marks or any confusingly similar trademarks, on or in connection with all

       Internet websites owned and operated, or controlled by them including the Internet websites operating under the Subject Domain Names;

4. Each defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any defendant having notice of this order shall, until the conclusion of this proceeding, discontinue the use of the Chanel Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by any defendant, including the Internet websites operating under the Subject Domain Names;

5. Defendants shall not transfer ownership of the Subject Domain Names during the pendency of this action, or until further order of the court;

6. The domain name Registrars for the Subject Domain Names are directed, to the extent not already done, to transfer to plaintiff's counsel, for deposit with this court, domain name certificates for the Subject Domain Names;

7. Upon plaintiff's request, the privacy protection service for any Subject Domain Names for which the Registrant uses such privacy protection service to conceal the Registrant's identity and contact information are ordered, to the extent not already done, to disclose to plaintiff the true identities and contact information of those Registrants;

8. The Registrars shall, to the extent not already done, assist in changing the registrar of record for the Subject Domain Names, excepting any such domain names which such registrars have been notified in writing by the plaintiff have been or will be dismissed from this action, to a holding account with a registrar of plaintiff's choosing (the "New Registrar"). To the extent the registrars do not assist in changing the registrars of record for the domains under their respective control within one (1) business day of receipt of this order and instructions on the change of the registrars of record, the top-level domain (TLD) registries (or their administrators) for the Subject Domain Names, within five (5) business days of receipt of this order, shall update the registrars of record for the Subject Domain Names, excepting any such domain names which such registries have been notified in writing by the plaintiff have been or will be dismissed from this action, to the New Registrar.  As a matter of law, this order shall no longer apply to any defendant or associated domain-name dismissed from this action. Upon the change of the registrar of record for the Subject Domain Names, the New Registrar will maintain access to the Subject Domain Names in trust for the court during the pendency of this action. Additionally, the New Registrar shall, to the extent not already done, institute a temporary 302 domain name redirection which will automatically redirect any visitor to the Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/sdh/index.html whereon copies of the complaint and all other documents on file in this action are displayed. Alternatively, the New Registrar may update the Domain Name System ("DNS") data it maintains for the Subject

        Domain Names, which link the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where copies of the complaint, this order, and all other documents on file in this action are displayed. After the New Registrar has effected this change the Subject Domain Names shall be placed on Lock status, preventing the modification or deletion of the domains by the registrar or defendants;

9.     Plaintiff may enter, and continue to enter, the Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by defendants which redirect traffic to the counterfeit operations to a new domain name and thereby evade the provisions of this order;

10.     Defendants shall preserve, and continue to preserve, copies of all their computer files relating to the use of any of the Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Subject Domain Names and that may have been deleted before the entry of this order;

B.     This Preliminary Injunction shall remain in effect during the pendency of this action, or until such further date as set by the court or stipulated to by the parties;

C.     This order shall apply to the Subject Domain Names, the associated websites, and any other domain names properly brought to the court's attention by sworn affidavit verifying such new domain names are being used by defendants for the purpose of counterfeiting the Chanel Marks at issue in this action and/or unfairly competing with plaintiff on the World Wide Web or in connection with search engine results pages;

    D.    Plaintiff shall maintain its bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further order of the court.

It is so ORDERED.

Signed at Houston, Texas on August 28, 2012.

_____
Gray H. Miller
United States District Judge

# SCHEDULE A

## DEFENDANTS BY SUBJECT DOMAIN NAMES AND DEFENDANT NUMBER

| Defendant No. | Domain Name |
|---|---|
| 1 | 2012handbagsonline.net |
| 2 | 3chanelhandbag.com |
| 3 | airmaxinstore.com |
| 4 | ashionpurse.com |
| 5 | bagsplat.com |
| 6 | blueswisswatches.com |
| 7 | caphatshopping.com |
| 8 | cchanell.com |
| 9 | chanel-bagsbags.com |
| 9 | chanels--bags.org |
| 10 | chanelbagsebay.com |
| 10 | chanelbagshandbags.net |
| 11 | chanelbagsoutletonline.com |
| 12 | chanelcheaponsale.com |
| 12 | thechanelbagssale.com |
| 12 | classicchanelbagssale.com |
| 13 | chanelflapbags.net |
| 13 | frchanelhandbags.com |
| 13 | replicachanelhandbagssales.com |
| 13 | chanelhandbagwalletpurse.com |

| | |
|---|---|
| 13 | chanelhandbagschanelwallets.com |
| 14 | chanelhandbags4sale.com |
| 15 | chaneloutletsonline.us |
| 15 | chanelreplicasbags.us |
| 16 | chanelpursesreplica.com |
| 16 | hubags.com |
| 17 | chanelsalext.com |
| 18 | chanel-slippers.com |
| 19 | chanelslippers.com |
| 20 | chanelsza.com |
| 21 | chanelxt.com |
| 22 | cheapbagshandbags.com |
| 22 | classichandbagsfr.com |
| 23 | cheapbagsoutlet2u.com |
| 24 | cheapchanelhandbags2012.com |
| 25 | *DISMISSED* |
| 26 | cheapwomensbags.com |
| 26 | classicbagsoutlet.com |
| 27 | designer-outlet-online.com |
| 28 | designershandbags.us |
| 29 | fairhandbags1.com |
| 29 | fairhandbags2.com |
| 30 | fashionlife.us |
| 30 | realpricemall.com |
| 30 | wholesalesalemall.com |

| | |
|---|---|
| 30 | okdesignerhandbags.com |
| 31 | goforchanelbags.com |
| 32 | handbags-purse-sale.com |
| 33 | hermesbagsoutlet.com |
| 34 | ipurseshandbags.com |
| 35 | isofdc.com |
| 36 | onlinechanelbagsales.com |
| 37 | onlinetopcheap.com |
| 38 | outletchanelbagonline.com |
| 39 | outletchanelbagsale.com |
| 40 | outletchanelbagssales.com |
| 41 | pickcheapbags.com |
| 42 | replica4shoes.com |
| 43 | *DISMISSED* |
| 44 | sunglassesnewyork.com |
| 45 | thechanelwatches.com |
| 45 | thechanelwatches2012.com |
| 46 | topchanel255.com |
| 46 | topchanelflap.com |
| 47 | toppursestrade2012.com |
| 48 | wahandbags.com |
| 49 | wendyoffer.com |
| 50 | wholesale100.com |
| 51 | *DISMISSED* |