UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHANEL, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | CIVIL ACTION H-12-02085 |
| THE PARTNERSHIPS AND UNINCORPORATED § | |
| ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" § | |
| AND DOES 1-1000, § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court are plaintiff Chanel, Inc.'s ("Chanel") request for entry of default (Dkt. 29) and motion for default judgment and permanent injunction. Dkt. 34. On October 26, 2012, after the court approved an order authorizing alternate service of process on the Partnerships and Unincorporated Associations Identified in Schedule "A," attached hereto ("defendants") (Dkt. 20),[1] Chanel served defendants with process via email or website publication. Defendants' answers were due on November 16, 2012, but to date, no defendant has answered or otherwise responded to Chanel's complaint and motion for default judgment and permanent injunction. Upon consideration of the pleading, motions, declarations, evidence, and applicable law, Chanel's application for entry of default (Dkt. 29) and motion for default judgment and permanent injunction (Dkt. 34) are **GRANTED**.

---

[1] The attached Schedule "A" contains the defendant identification numbers from Chanel's original petition. The identified defendants are collectively referred to as "defendants" in this order and are the defendants subject to the court's default judgment and permanent injunction. The court notes that the omitted defendants, Defendants 5, 14, 25, 30 (solely with respect to okdesignerhandbags.com), 33, 34, 41, 42, 43, 49, 51, and Does 1–1000, have been dismissed without prejudice from this action upon Chanel's request. *See* Dkts. 11, 26, 34–36. The court further notes that chanel-slippers.com—which Chanel initially identified as Defendant 18—is an alias of Defendant 19 and is designated under the latter defendant identification number in Schedule "A." *See* Dkt. 28.

## I. ENTRY OF DEFAULT & DEFAULT JUDGMENT

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." FED. R. CIV. P. 55(a). When a defendant fails to answer the complaint in a timely manner, the court has the authority to accept the plaintiff's well-pleaded facts as true and may award the relief sought by the plaintiffs. *See Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

In this case, Chanel seeks a default judgment with the following injunctive relief: a permanent injunction prohibiting defendants from infringing certain Chanel trademarks (the "Chanel Marks"), an order that the Subject Domain Names ("SDNs") be transferred to Chanel or disabled,[2] reasonable attorneys' fees and other costs associated with its claims,[3] and an order that PayPal, Inc. ("PayPal") and its affiliates transfer the funds from defendants' accounts to partially satisfy any award of attorneys' fees and costs. Dkt. 34 at 25.

Chanel served defendants with process via email or website publication on October 26, 2012. *Id.* at 14; Dkts. 24–25 (returns of service). Defendants' deadline to answer or otherwise appear was twenty-one days later, on November 16, 2012. FED R. CIV. P. 12(a). To date, no defendant has filed an answer or other response with the court, and no extension of time has been requested or granted. Dkt. 34, Ex. A (declaration of Steven M. Abbott) at 2 ¶ 8.

On this record, the court finds that defendants' failure to answer Chanel's complaint or otherwise appear within the time required by the Federal Rules places defendants in default, and an

---

[2] *See* Part II.A of this order, *infra*, for a chart of the Chanel Marks. Schedule "A" contains a list of the SDNs corresponding to the defendant identification numbers.

[3] Specifically, Chanel seeks $57,657.50 in attorneys' fees, $2,357.10 in investigative fees, and $1,832.65 in other costs. Dkt. 34 at 22–23.

2

entry of default and default judgment are warranted. By defaulting, defendants "admit[] the plaintiff's well-pleaded allegations of fact, [are] concluded on those facts by the judgment, and [are] barred from contesting on appeal the facts thus established." *Nishimatsu*, 515 F.2d at 1206. Consistent with Chanel's well-pleaded allegations, as detailed further below, the court finds that defendants violated the Lanham act and infringed the Chanel Marks. As a result of defendants' default, the court next addresses Chanel's request for a permanent injunction and makes the following findings of fact and conclusions of law.

## II. INJUNCTIVE RELIEF

### A. Findings of Fact[4]

1. Chanel is engaged in the business of manufacturing and distributing high-quality luxury goods under the widely recognized and distinctive Chanel Marks throughout the world, including within this Judicial District ("District"), and at all times relevant hereto has been, the owner of all rights in and to the following trademark registrations:

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 | IC 018 — Women's Handbags |
| CHANEL | 0,902,190 | Nov. 10, 1970 | IC 014 — Bracelets, Pins, & Earrings |
| CHANEL | 0,915,139 | June 15, 1971 | IC 025 — Women's Shoes |

---

[4] To the extent any Finding of Fact reflects a legal conclusion, it shall to that extent be deemed a Conclusion of Law, and to the extent any Conclusion of Law reflects a factual finding, it shall to that extent be deemed a Finding of Fact.

| | | | |
|---|---|---|---|
| CHANEL | 0,955,074 | Mar. 13, 1973 | IC 014 — Watches |
| CHANEL | 1,241,265 | June 7, 1983 | IC 025 — Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Coats, Raincoats, Scarves, Shoes, & Boots |
| ⵛ | 1,314,511 | Jan. 15, 1985 | IC 018 — Leather Goods-Namely, Handbags |
| CHANEL | 1,347,677 | July 9, 1985 | IC 018 — Leather Goods-Namely, Handbags |
| ⵛ | 1,501,898 | Aug. 30, 1988 | IC 006 — Keychains<br>IC 014 — Costume Jewelry<br><br>IC 016 — Gift Wrapping Paper<br><br>IC 025 — Blouses, Shoes, Belts, Scarves, Jackets, Men's Ties<br><br>IC 026 — Brooches and Buttons for Clothing |
| CHANEL | 1,510,757 | Nov. 1, 1988 | IC 009 — Sunglasses |
| ⵛ | 1,654,252 | Aug. 20, 1991 | IC 009 — Sunglasses |
| CHANEL | 1,733,051 | Nov. 17, 1992 | IC 018 — Leather Goods-Namely, Handbags, Wallets, Travel Bags, Luggage, Business and Credit Card Cases, Change Purses, Tote Bags, Cosmetic Bags Sold Empty, and Garment Bags for Travel |
| ⵛ | 1,734,822 | Nov. 24, 1992 | IC 018 — Leather Goods-Namely, Handbags, Wallets, Travel Bags, Luggage, Business Card Cases, Change Purses, Tote Bags, and Cosmetic Bags Sold Empty |

| J12 | 2,559,772 | Apr. 9, 2002 | IC 014 — Timepieces; namely, Watches, & Parts Thereof |
|---|---|---|---|
| ℂ | 3,025,934 | Dec. 13, 2005 | IC 018 — Handbags |
| ℂℂ | 3,025,936 | Dec. 13, 2005 | IC 009 - Eyeglass Frames, Sunglasses<br>IC 025 - Gloves, Swimwear<br>IC 026 - Hair Accessories namely Barrettes |
| CHANEL | 3,133,139 | Aug. 22, 2006 | IC 014 — Jewelry and Watches |

The Chanel Marks are used in connection with the manufacture and distribution of high-quality goods in the categories referenced above.

    2.  The Chanel Marks have been used in interstate commerce to identify and distinguish its high-quality handbags, wallets, sunglasses, shoes, dresses, watches, costume jewelry (including earrings), and other goods (collectively, "Chanel Products") for an extended period of time. Dkt. 1 (original complaint) at 7.

    3.  The Chanel Marks have achieved a secondary meaning as identifiers of Chanel's high-quality products, including its Chanel Products and other goods, and the Chanel Marks qualify as famous marks as that term is defined in 15 U.S.C. § 1125(c)(1). *Id.* at 8.

    4.  Chanel has never abandoned the Chanel Marks, nor has it authorized any defendant to use the Chanel Marks for any purpose. *Id.* at 7.

    5.  Among other venues, genuine Chanel-branded goods are widely and legitimately advertised and promoted via the internet by Chanel, its authorized distributors, and unrelated, non-infringing third parties (such as Chanel fan web pages). *Id.* at 8.

6. At all times relevant to this action, defendants knew about Chanel's ownership of the Chanel Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.  *Id.* at 9.

7. From at least April 2012, through the initiation of this lawsuit, defendants knowingly and intentionally advertised, offered for sale, and sold counterfeit merchandise—including handbags, wallets, sunglasses, shoes, dresses, watches, and costume jewelry (including earrings), bearing marks that are exact copies or colorable imitations of the Chanel Marks (collectively, "defendants' counterfeit goods")—through various fully interactive commercial Internet websites (the "websites") operating under the Subject Domain Names.  As reflected in Schedule "A," thirty-three of the SDNs unlawfully contain at least one of Chanel's federally-registered trademarks in its entirety.  *Id.* at 10.

8. On June 21, 2012, Chanel's investigator, Malerie Maggio, purchased counterfeit Chanel shoes from Defendant 20, chanelsza.com, by making payment to PayPal account recipient suzean18@gmail.com as directed by Defendant 20.  Dkt. 34 at 6–7.

9. Defendants' infringing activities described above are likely to cause confusion, deception, and mistake in consumers' minds, the public, and the trade that there is a connection or association between Chanel and defendants' counterfeit goods when, in fact, there is not.  Dkt. 1 at 10.

10. On July 11, 2012, Chanel filed this action against defendants for (1) trademark counterfeiting and infringement in violation of 15 U.S.C. § 1114; (2) using false designations of origin in violation of 15 U.S.C. § 1125(a); (3) cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d); and (4) unfair competition under Texas common law.  *Id.* at 11–15.

11. On August 14, 2012, the court entered a temporary restraining order ("TRO"), enjoining defendants from infringing the Chanel Marks.  Dkt. 8.

12. On August 28, 2012, the court entered an order granting Chanel's application for a preliminary injunction, extending the injunctive and other relief in the TRO until the conclusion of this proceeding or further order of the court. Dkt. 16.

13. The court finds that defendants' illegal counterfeiting and infringement of the Chanel Marks was engaged in intentionally, knowingly, maliciously, and willfully.

14. Chanel will continue to suffer irreparable harm unless defendants are permanently enjoined from infringing the Chanel Marks.

15. To give practical effect to the permanent injunction entered in this case, the court finds that the Subject Domain Names should be transferred to Chanel or otherwise disabled so that they can no longer be used as platforms to sell counterfeit Chanel merchandise.

16. The court finds that this is an exceptional case under 15 U.S.C. § 1117(a), and that no "extenuating circumstances" exist as that term is used under 15 U.S.C. § 1117(b).

17. Chanel's investigative fees in this case were incurred under the direction of Chanel's counsel. Dkt. 34, Ex. B (declaration of Stephen M. Gaffigan) at 2 ¶ 6.

18. Chanel has incurred reasonable attorneys' fees in the sum of $57,657.50, reasonable investigative fees in the sum of $2,357.10, and reasonable costs in the sum of $1,832.65 in prosecuting its claims against defendants. Dkt. 34 at 22–23.

**B. Conclusions of Law**

1. This court has jurisdiction over the subject matter of this action.

2. Venue is proper in this District.

3. Defendants are subject to the jurisdiction of this court.

4. As a result of defendants' defaults in this action, they are deemed to admit the factual allegations in Chanel's complaint and concede liability on all causes of action alleged in Chanel's

complaint. *See, e.g.*, *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. Unit B 1982) (stating that a default admits the defendant's liability). As such, defendants are liable to Chanel for (1) federal trademark counterfeiting and infringement in violation of 15 U.S.C. § 1114; (2) false designations of origin in violation of 15 U.S.C. § 1125(a); (3) cyberpiracy in violation of the ACPA, 15 U.S.C. § 1125(d); and (4) unfair competition under Texas common law.

5. Permanent injunctive relief is appropriate when the plaintiff demonstrates: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to [plaintiff] outweighs any damage the injunction might cause [defendant]; and (4) that the injunction will not disserve the public interest." *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996).

6. A plaintiff is entitled to a permanent injunction to prevent any future trademark infringement by a defendant pursuant to 15 U.S.C. § 1116.

7. Chanel established the four (4) necessary elements for a permanent injunction as is evidenced by the court's entry of the TRO (Dkt. 8) and preliminary injunction (Dkt. 16).

8. Under 15 U.S.C. § 1125(d)(1)(C), a court may order the forfeiture or cancellation of the offending domain name, or the transfer of the offending domain name to the owner of the mark. 15 U.S.C.A. § 1125(d)(1)(C); *see E. & J. Gallo Winery v. Spider Webs Ltd.*, 286 F.3d 270, 280–81 (5th Cir. 2002).

9. Pursuant to 15 U.S.C. § 1117(a), a court may award reasonable attorneys' fees in exceptional cases. An exceptional case is one in which the defendant's infringement can be characterized as "malicious," "fraudulent," deliberate," or "willful." *Schlotzsky's, Ltd. v. Sterling Purchasing & Nat'l Distribution Co.*, 520 F.3d 393, 402 (5th Cir. 2008). An award of attorneys'

fees is mandatory upon finding intent and knowledge. *See Dunkin' Donuts Inc. v. Mercantile Ventures*, No. 93-8270, 1994 WL 93257, at *2 (5th Cir. Mar. 7, 1994).

10. Under 15 U.S.C. § 1117(b), a court "shall" award "a reasonable attorney's fee" if the defendant intentionally used the mark and knew that the mark was counterfeit, unless extenuating circumstances exist. *Rolex Watch USA, Inc. v. Meece*, 158 F.3d 816, 824 (5th Cir. 1998). "Extenuating circumstances" will rarely be found in cases in which the defendant has trafficked in goods or services using a mark that he or she knows to be counterfeit. *See, e.g.*, *Dunkin' Donuts*, 1994 WL 93257, at *2.

11. Chanel is entitled to recover its reasonable attorneys' fees under 15 U.S.C. § 1117(a)–(b).

12. Further, a plaintiff may recover its reasonable investigative fees under the Lanham Act, as long as the investigator acted under the direction of an attorney. *See Joint Statement on Trademark Counterfeiting Legislation*, 130 Cong. Rec. 12076, 12083–Part H (1984); *Bollore, S.A. v. Import Warehouse, Inc.*, 2004 WL 1873069, at *1 (N.D. Tex. Aug. 19, 2004).

13. Chanel is entitled to recover its reasonable investigative fees.

14. A plaintiff is entitled to recover its costs of action under 15 U.S.C. § 1117(a). This includes taxable costs such as filing fees, as well as out-of-pocket litigation costs such as photocopying, long distance telephone calls, service of process, and regular and express mail service, if such costs are necessary for client representation. *See* 15 U.S.C.A. § 1117(a); *Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC*, 553 F. Supp. 2d 201, 210–11 (E.D.N.Y. 2008).

15. Chanel is entitled to recover its reasonable costs incurred in this action.

16. A district court may order a third party, such as PayPal, to transfer to a successful plaintiff any funds that PayPal is holding on behalf of one of its account recipients or customers in order to satisfy or partially satisfy a monetary award entered against that recipient or customer. *See,*

*e.g.*, *Animale Group Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007); *Chanel, Inc. v. 2012chanelbag.net*, Case No. 12-cv-22092-Martinez (S.D. Fla. Nov. 27, 2012).

17. Chanel is entitled to recover the funds associated with the PayPal account recipient suzean18@gmail.com, or any other accounts belonging to defendants, to partially satisfy a monetary award associated with this cause of action.

### III. CONCLUSION

The court hereby **GRANTS** Chanel's request for entry of default (Dkt. 29) and motion for default judgment (Dkt. 34). The court further **GRANTS** Chanel's application for a permanent injunction (Dkt. 34) and **ENJOINS** defendants from infringing upon the Chanel Marks, as outlined in Part II, *supra*. Lastly, the court orders that defendants' SDNs be cancelled and that PayPal and its affiliates transfer any funds in the account associated with suzean18@gmail.com, or any other accounts belonging to defendants, to Chanel. The court will enter a separate final judgment consistent with this opinion.

It is so **ORDERED**.

Signed at Houston, Texas on September 26, 2013.

_____
Gray H. Miller
United States District Judge

## SCHEDULE "A"

## DEFENDANTS BY SUBJECT DOMAIN NAMES AND DEFENDANT NUMBER

| Defendant No. | Domain Name |
|---|---|
| 1 | 2012handbagsonline.net |
| 2 | 3chanelhandbag.com |
| 3 | airmaxinstore.com |
| 4 | ashionpurse.com |
| 6 | blueswisswatches.com |
| 7 | caphatshopping.com |
| 8 | cchanell.com |
| 9 | chanel-bagsbags.com |
| 9 | chanels--bags.org |
| 10 | chanelbagsebay.com |
| 10 | chanelbagshandbags.net |
| 11 | chanelbagsoutletonline.com |
| 12 | chanelcheaponsale.com |
| 12 | thechanelbagssale.com |
| 12 | classicchanelbagssale.com |
| 13 | chanelflapbags.net |
| 13 | frchanelhandbags.com |
| 13 | replicachanelhandbagssales.com |
| 13 | chanelhandbagwalletpurse.com |
| 13 | chanelhandbagschanelwallets.com |
| 15 | chaneloutletsonline.us |
| 15 | chanelreplicasbags.us |
| 16 | chanelpursesreplica.com |
| 16 | hubags.com |

| 17 | chanelsalext.com |
|---|---|
| 19 | chanel-slippers.com |
| 19 | chanelslippers.com |
| 20 | chanelsza.com |
| 21 | chanelxt.com |
| 22 | cheapbagshandbags.com |
| 22 | classichandbagsfr.com |
| 23 | cheapbagsoutlet2u.com |
| 24 | cheapchanelhandbags2012.com |
| 26 | cheapwomensbags.com |
| 26 | classicbagsoutlet.com |
| 27 | designer-outlet-online.com |
| 28 | designershandbags.us |
| 29 | fairhandbags1.com |
| 29 | fairhandbags2.com |
| 30 | fashionlife.us |
| 30 | realpricemall.com |
| 30 | wholesalesalemall.com |
| 31 | goforchanelbags.com |
| 32 | handbags-purse-sale.com |
| 35 | isofdc.com |
| 36 | onlinechanelbagsales.com |
| 37 | onlinetopcheap.com |
| 38 | outletchanelbagonline.com |
| 39 | outletchanelbagsale.com |
| 40 | outletchanelbagssales.com |
| 44 | sunglassesnewyork.com |

| 45 | thechanelwatches.com |
|---|---|
| 45 | thechanelwatches2012.com |
| 46 | topchanel255.com |
| 46 | topchanelflap.com |
| 47 | toppursestrade2012.com |
| 48 | wahandbags.com |
| 50 | wholesale100.com |